### RIFE vs. HENSON.

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL
DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

Where an order to take depositions has been made at a previous term,
and the plaintiff at whose instance it was made, takes out a commission in
pursuance of it, and submits his interrogatories to which cross ones are fil-
ed, it is sufficient to entitle them to be read in evidence, although the usu-
al affidavit has not been made and annexed.

If an appellant urge that the *subject* of the contract between the parties
is illicit and the contract void, after having availed himself of its amount,
to plead in re-convention and augment the sum in dispute to 300 dollars
and upwards, and be thereby entitled to appeal, such defence will be deem-
ed as coming with an *ill grace* from the party using it, and be disregarded.

Rife claims of Henson $250 as the price of improvements
made on certain Congress lands, according to an agreement
with Henson.

Henson denies owing any thing—and says he purchased
out all Rife's interest in the improvements in the year 1823.
He then sets up claims in re-convention to the amount of
$216 for rent of the same lands, and $160 which he alledges
he paid for in improving them—and which he also says

are Congress Lands ; that the improvements on them were made contrary to law.    Rife had a verdict and judgment for 45 dollars.

The defendant objected on the trial to the reading sundry depositions, because the commission under which they were taken, issued without the affidavit required by the Code of Practice.    The reading was admitted on the ground, that at a previous term of the Court, a general order had been entered up to take depositions, and this commission was taken out in pursuance of it.    A bill of exception was taken to the reading.

*R. C. Scott* moved to dismiss the appeal on the ground, that the sum appealed from was under 300 dollars.    2 Mar. N. S. 314.

*Winn* for defendant ; maintained the jurisdiction of appeal, because the sum claimed in re-convention exceeds 300 dollars, which alone would give this Court jurisdiction on the appeal.

2. The plaintiff had no right to recover because he sold the improvements which were made on public lands, and which cannot be the subject of sale because contrary to law. Ing. Dig. 362.

3. The exceptions to reading the depositions ought to be sustained, because they were taken contrary to the Code of Practice. Art. 430.

*Mathews J.* delivered the opinion of the Court.

In this case the plaintiff claims $250 for improvements made on public lands, which sum he alleges the defendant agreed to pay to him for said improvements.

The answer contains a general denial and a plea in re-convention, in which upwards of 300 dollars are claimed. The cause was submitted to a jury, and on the evidence adduced they found a verdict for the plaintiff for the sum of 45 dollars, whereon judgment was rendered and defendant appealed.

N

Western District.
October, 1830.

RIFE
vs.
HENSON.

Where an order to take depositions generally, has been made at a previous term, and the plaintiff, at whose instance it was made, takes out a commission in pursuance of it, and submits his interrogatories to which cross ones are filed, it is sufficient to be read in evidence, altho' the usual affidavit has not been made and annexed.

If an appellant urge that the *subject* of the contract between the parties is illicit and the contract void, after having availed himself of its amount to plead in re-convention, and augment the sum in dispute to 300 dollars and upwards, and be thereby entitled to an appeal, such defence will be deemed as coming with an *ill grace* from the party using it, and be disregarded.

The record contains a bill of exceptions to the reading of answers to interrogatories of witnesses taken by commission, on the ground that the affidavits required by law did not precede said commissions. It appears that at a term of the Court previous to that at which the trial of this cause took place, a general order had been entered on the minutes to take depositions, and that cross interrogatories in pursuance thereof were filed, to the witnesses whose testimony was desired by the plaintiff, at whose instance the commissions issued. The Judge *a quo* was of opinion that the circumstances dispensed with the necessity of the affidavit, otherwise required, and in this we concur with him. On the hearing of the cause before the appellate Court, the counsel for the appellant urged a new means of defence, alleging that the whole contract between the parties is void as being in relation to an illicit subject : because the laws of the United States prohibit all settlements on public lands. This defence comes most *ungraciously* from him after his plea in reconvention, by which alone this Court has jurisdiction of the case. He claims 365 dollars, basing his claim on the same subject matter, alleged by the plaintiff. Such a defence cannot be tolerated at this time.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.